UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DANIEL FACCIO; FACCIO FAMILY

                Plaintiffs,

    -against-                          1:10-CV-0715 (LEK/RFT)

U.S. DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT; MISS MARY,

                Defendants.

_____

## DECISION AND ORDER

### I.    INTRODUCTION

On June 18, 2010, Daniel Faccio and the Faccio family (collectively, "Plaintiffs") filed a document putting the United States Department of Housing and Urban Development ("HUD") and Miss Mary of HUD's Buffalo office on notice of their "intention to file a claim . . . for damages, declaratory relief, and injunctive relief." Dkt. No. 1. On the same day, Plaintiffs moved for leave to proceed *in forma pauperis*. Dkt. No. 2. On June 29, 2010, Magistrate Judge David R. Homer issued an Order in which he deemed the June 18, 2010 notice a *pro se* complaint and granted Plaintiffs *in forma pauperis* status. Dkt. No. 3.

Presently before the Court is Defendants' Motion to dismiss. Dkt. No. 11. For the following reasons, that Motion is granted.

### II.    BACKGROUND

Plaintiffs' Complaint alleges that in June of 2009, Daniel Faccio called HUD's Buffalo office and spoke with Miss Mary to ask for HUD's help in investigating allegedly discriminatory and retaliatory actions against his family that were perpetrated by the Glens Falls Housing Authority ("GFHA"). Compl. (Dkt. No. 1). According the Complaint, as a result of GFHA's actions,

Plaintiffs are living in unsuitable and dangerous conditions. Plaintiffs state that they have had to live in two non-section 8 approved apartments that were too small, covered in dangerous black mold, and equipped with faulty electrical systems. Id. Plaintiffs claim to have incurred $6000 in expenses associated with faulty electrical wiring, experienced continued exposure to the mold, and been forced to call inspectors, and relocate apartments. Id. Plaintiffs assert that all of these conditions result from GFHA's discrimination and retaliation against them. Id.

The gravamen of the Complaint is that Miss Mary and HUD were "supposed to help . . . but instead . . . failed to help, and because of this [Plaintiffs] are still being discriminated against and [their] shelter standards have not improved at all." Id. Plaintiffs claim that the various hardships that they have endured may not have occurred had HUD investigated their complaints against GFHA. Id. Moreover, Plaintiffs assert that HUD's failure to investigate is the result of discrimination by HUD against the Faccio family and constitutes retaliation. Id. They allege that HUD and Miss Mary's conduct was in violation constitutional, federal, state, and common law. Id.

On September 13, 2010, Defendants filed the instant Motion to dismiss (Dkt. No. 11) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiffs have not opposed the Motion.

## III.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may assert as a defense a court's lack of subject matter jurisdiction over the action. FED. R. CIV. P. 12(b)(1). In the face of such a jurisdictional challenge, a plaintiff "bears the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists." APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) (internal quotation marks omitted); Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

"Accordingly, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Arar v. Ashcroft, 532 F.3d 157, 168 (2d Cir. 2008) (citations, quotations, and alterations omitted).  However, to withstand a motion to dismiss under Rule 12(b)(1), a plaintiff need only make a *prima facie* showing of subject matter jurisdiction. Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507, (2d Cir. 1994).

In reviewing a motion seeking dismissal pursuant to Rule 12(b)(6), the Court must "accept all [factual] allegations in the complaint as true and draw all inferences in the light most favorable to" the non-moving party. In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007).  The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, __ U.S.__, 129 S. Ct. 1937, 1949 (2009).  Allegations which merely announce "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" "are not entitled to the assumption of truth" and are insufficient to defeat a motion to dismiss. Id. at 1949-50.  Accordingly, the Court must "begin by identifying pleadings that . . . are no more than conclusions" and exclude these from consideration. Id. at 1950.  As to any remaining well-pleaded factual allegations, the Court will "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.   Facial plausibility exists "when the pleaded factual content allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The

determination of whether a complaint states a plausible claim is "context specific" and "requires the

reviewing court to draw on its judicial experience and common sense." Id.

Additionally, where a litigant proceeds *in forma pauperis*, the Court has an independent

obligation to review the sufficiency of such litigant's complaint. See 28 U.S.C. § 1915(e)(2)(B)(2).

Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court

shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous

or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

## IV. DISCUSSION

Applying the above standards, Plaintiffs' Complaint must be dismissed. First, Plaintiffs

have alleged no facts supporting this Court's subject matter jurisdiction over their action. HUD is

an entity of the United States government. "The United States, as sovereign, is immune from suit

save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941); Presidential

Gardens Assocs. v. United States, 175 F.3d 132, 140 (2d Cir. 1999) (citing United States v.

Mitchell, 463 U.S. 206, 212 (1983)). "The doctrine of sovereign immunity is jurisdictional in

nature, and therefore to prevail, the plaintiff bears the burden of establishing that her claims fall

within an applicable waiver." Marakova, 201 F.3d at 113 (citations omitted); Presidential Gardens

Assocs., 175 F.3d 132. Here, Plaintiff has offered nothing to show such waiver.

Plaintiffs' Complaint must also be dismissed for failure to state a claim. While Plaintiffs

allege violations of constitutional, federal, state, and common law, they provide no support for these

claims. Plaintiffs allege only that a HUD representative, Miss Mary, spoke with Daniel Faccio, and

that neither she nor HUD initiated an investigation of Plaintiffs' complaints of discrimination by

GFHA.  Plaintiffs then assert in a conclusory fashion, that the failure to investigate was itself

discriminatory, a form of retaliation, and the possible cause of various hardships suffered.  Compl.

To succeed on an equal protection claim, a plaintiff "must prove purposeful discrimination

directed at an identifiable or suspect class." Giano v. Senkowski, 54 F.3d 1050, 1057 (2d Cir. 1995)

(citations omitted).  Plaintiffs have not identified with any suspect class and make no allegations

that HUD or Miss Mary intentionally discriminated against them based on race, national origin, or

gender.  Rather, Plaintiffs' apparent basis for their discrimination and retaliation claims is simply

HUD's failure to launch an investigation after Daniel Faccio complained about GFHA by telephone.

This is insufficient to state a plausible claim of discrimination or retaliation.  Compounding this

deficiency, Plaintiffs fail to allege that HUD or Miss Mary was legally obligated to investigate such

claims or was capable of providing the relief that they desired.

## V.      CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that Defendants' Motion to dismiss (Dkt. No. 11) is **GRANTED,** and

Plaintiffs' Complaint (Dkt. No. 1) is **DISMISSED**, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

DATED:      January 13, 2011
            Albany, New York

Lawrence E. Kahn
U.S. District Judge